**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of<br><br>FOURWORLD EVENT OPPORTUNITIES, LP and GENESIS EMERGING MARKETS INVESTMENT COMPANY<br><br>Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 21- |

### EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO <u>CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING</u>

1. FourWorld Event Opportunities, LP and Genesis Emerging Markets Investment Company ("**Petitioners**") respectfully request an order in the form attached hereto permitting Petitioners to obtain limited discovery under 28 U.S.C. § 1782 ("Section 1782") in connection with an appraisal proceeding pending before the Grand Court of the Cayman Islands (the "**Appraisal Proceeding**"), to which Petitioners are parties. In support of its application, Petitioners submit a Memorandum of Law and attach the Declarations of Duane Loft, Marc Kish, and Justice Ingrid Mangatal. Petitioners further state as follows:

2. Petitioners seek the assistance of this Court to obtain discovery from General Atlantic LLC ("**GA LLC**"), General Atlantic Service Company, L.P., GASF Interholdco Ltd. ("**GASF Interholdco**"), General Atlantic Partners (Bermuda) III, LP ("**GAP III**"), General Atlantic Partners (Bermuda) IV LP ("**GAP IV**"), Inc., GAP Coinvestments CDA LP ("**GAPCO CDA**"), GAP Coinvestments III LLC ("**GAPCO III**"), GAP Coinvestments IV LLC ("**GAPCO IV**"), GAP Coinvestments V LLC ("**GAPCO V**"), GAP (Bermuda) Ltd. ("**GAPB**"), General Atlantic GenPar (Bermuda) LP ("**GA GenPar**"), General Atlantic Singapore Fund Pte. Ltd.

("**GASF**"), General Atlantic Singapore 58 Pte. Ltd. ("**GAS 58**"), and General Atlantic Singapore 58TP Pte. Ltd. ("**GAS 58TP**," and, together, "**General Atlantic**"); Warburg Pincus LLC ("**WP LLC**"), Warburg Pincus China-Southeast Asia II (Cayman) LP ("**WP Asia II**"), Warburg Pincus China-Southeast Asia II-E (Cayman) LP ("**WP Asia II-E**"), WP China-Southeast Asia II Partners (Cayman) LP ("**WP Asia II Partners**"), Warburg Pincus China-Southeast Asia II Partners LP ("**Warburg Asia II Partners**"), Warburg Pincus (Callisto) Global Growth (Cayman) LP ("**WP Callisto**"), Warburg Pincus (Europa) Global Growth (Cayman) LP ("**WP Europa**"), Warburg Pincus Global Growth-B (Cayman) LP ("**WPGB**"), Warburg Pincus Global Growth-E (Cayman) LP ("**WPGE**"),  WP Global Growth Partners (Cayman) LP ("**WPG Partners**"), Warburg Pincus Global Growth Partners (Cayman) LP ("**Warburg Growth Partners**"), and Polarite Gem Holdings Group, Ltd. ("**Polarite**" and, together, "**Warburg Pincus**") (collectively, "**Respondents**").

3.  Respondents are "found" for purposes of Section 1782 in this District. Petitioners' narrowly tailored requests (the "**Requests**") are set forth in the subpoenas attached as **Exhibits 1–25** to the Loft Declaration and relate to the fair value of the shares of the company 58.com (**"58.com"** or the **"Company"**), held by Petitioners, and the process leading to the squeeze-out of the Company's minority shareholders. As set forth in the accompanying declarations, the discovery cannot be obtained in the underlying Appraisal Proceeding, but the presiding Cayman Islands court will be highly receptive to evidence sought here and assistance from this Court.

4.  Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. In particular, § 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The

order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

5. The statutory requirements of § 1782 are satisfied here. As explained in the accompanying submissions, (1) the Respondents are "found" in this District because they maintain their principal place of business in New York City, (2) the discovery sought is to be used in the Appraisal Proceeding, and (3) Petitioners are "interested person(s)" in that proceeding.

6. This application also meets the discretionary factors of Section 1782, as explained further in the accompanying Memorandum of Law: (1) Respondents are not parties to the foreign proceedings, (2) Cayman courts will be receptive to judicial assistance from a U.S. court, (3) Petitioners are not attempting to circumvent foreign proof-gathering restrictions, and (4) the discovery sought is not intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

7. Petitioners therefore respectfully request that this Court expeditiously grant its application for an Order granting Petitioner leave to serve the Respondents with the subpoenas attached as Exhibits 1–25 to the Loft Declaration.

WHEREFORE, Petitioners respectfully request that this Court enter an Order:

1. Granting the application for discovery under 28 U.S.C. § 1782;

2. Authorizing Petitioners to take discovery from Respondents, by issuing the proposed subpoenas; and

3. Directing Respondents to comply with the subpoenas issued in this case in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.

Dated: July 23, 2021
New York, New York

By: */s/ Duane L. Loft*

Duane L. Loft
Brianna S. Hills
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2380
dloft@bsfllp.com
bhills@bsfllp.com

Ira A. Schochet
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0864
ischochet@labaton.com