UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>FOURWORLD EVENT OPPORTUNITIES, LP and GENESIS EMERGING MARKETS INVESTMENT COMPANY<br><br>Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 21- |

**DECLARATION OF DUANE L. LOFT IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER OF JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

I, Duane L. Loft, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York. I am a partner at the law firm of Boies Schiller Flexner LLP, which is counsel to FourWorld Event Opportunities, LP and Genesis Emerging Markets Investment Company, ("**Petitioners**") in the above-captioned matter. I make this declaration in support of Petitioners' Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (the "**Application**").[1]

2. Petitioners bring this Application to obtain limited discovery under 28 U.S.C. § 1782 from General Atlantic LLC ("**GA LLC**"), General Atlantic Service Company, L.P., GASF Interholdco Ltd. ("**GASF Interholdco**"), General Atlantic Partners (Bermuda) III, LP ("**GAP III**"), General Atlantic Partners (Bermuda) IV LP ("**GAP IV**"), Inc., GAP Coinvestments CDA

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the memorandum of points and authorities filed in support of the Application. [ECF No. 1-1].

1

LP ("**GAPCO CDA**"), GAP Coinvestments III LLC ("**GAPCO III**"), GAP Coinvestments IV LLC ("**GAPCO IV**"), GAP Coinvestments V LLC ("**GAPCO V**"), GAP (Bermuda) Ltd. ("**GAPB**"), General Atlantic GenPar (Bermuda) LP ("**GA GenPar**"), General Atlantic Singapore Fund Pte. Ltd. ("**GASF**"), General Atlantic Singapore 58 Pte. Ltd. ("**GAS 58**"), and General Atlantic Singapore 58TP Pte. Ltd. ("**GAS 58TP,**" and, together, "**General Atlantic**"); Warburg Pincus LLC ("**WP LLC**"), Warburg Pincus China-Southeast Asia II (Cayman) LP ("**WP Asia II**"), Warburg Pincus China-Southeast Asia II-E (Cayman) LP ("**WP Asia II-E**"), WP China-Southeast Asia II Partners (Cayman) LP ("**WP Asia II Partners**"), Warburg Pincus China-Southeast Asia II Partners LP ("**Warburg Asia II Partners**"), Warburg Pincus (Callisto) Global Growth (Cayman) LP ("**WP Callisto**"), Warburg Pincus (Europa) Global Growth (Cayman) LP ("**WP Europa**"), Warburg Pincus Global Growth-B (Cayman) LP ("**WPGB**"), Warburg Pincus Global Growth-E (Cayman) LP ("**WPGE**"), WP Global Growth Partners (Cayman) LP ("**WPG Partners**"), Warburg Pincus Global Growth Partners (Cayman) LP ("**Warburg Growth Partners**"), and Polarite Gem Holdings Group, Ltd. ("**Polarite**" and, together, "**Warburg Pincus**").

3.  Petitioners seek the discovery for use in an appraisal proceeding pending before the Grand Court of the Cayman Islands (the "**Appraisal Proceeding**") concerning the company 58.com ("**58.com**" or the "**Company**").

4.  Attached hereto as **Exhibit 1** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on General Atlantic LLC in connection with the Appraisal Proceeding.

5.  Attached hereto as **Exhibit 2** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on Warburg Pincus LLC in connection with the Appraisal Proceeding.

6. Attached hereto as **Exhibit 3** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GASF-in connection with the Appraisal Proceeding.

7. Attached hereto as **Exhibit 4** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GASF Interholdco in connection with the Appraisal Proceeding.

8. Attached hereto as **Exhibit 5** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GAP Bermuda III in connection with the Appraisal Proceeding.

9. Attached hereto as **Exhibit 6** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GAP Bermuda IV in connection with the Appraisal Proceeding.

10. Attached hereto as **Exhibit 7** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GAP GenPar in connection with the Appraisal Proceeding.

11. Attached hereto as **Exhibit 8** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GAP Bermuda Ltd. in connection with the Appraisal Proceeding.

12. Attached hereto as **Exhibit 9** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GAPCO III in connection with the Appraisal Proceeding.

13. Attached hereto as **Exhibit 10** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GAPCO IV in connection with the Appraisal Proceeding.

14. Attached hereto as **Exhibit 11** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GAPCO V in connection with the Appraisal Proceeding.

15. Attached hereto as **Exhibit 12** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GAPCO CDA in connection with the Appraisal Proceeding.

16. Attached hereto as **Exhibit 13** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GAS 58 in connection with the Appraisal Proceeding.

17. Attached hereto as **Exhibit 14** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on GAS 58TP in connection with the Appraisal Proceeding.

18. Attached hereto as **Exhibit 15** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on WP Asia II in connection with the Appraisal Proceeding.

19. Attached hereto as **Exhibit 16** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on WP Asia II-E in connection with the Appraisal Proceeding.

20. Attached hereto as **Exhibit 17** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on WP Asia II Partners in connection with the Appraisal Proceeding.

21. Attached hereto as **Exhibit 18** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on Warburg Asia II Partners in connection with the Appraisal Proceeding.

22. Attached hereto as **Exhibit 19** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on WP Callisto in connection with the Appraisal Proceeding.

23. Attached hereto as **Exhibit 20** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on WP Europa in connection with the Appraisal Proceeding.

24. Attached hereto as **Exhibit 21** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on WPGB in connection with the Appraisal Proceeding.

25. Attached hereto as **Exhibit 22** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on WPGE in connection with the Appraisal Proceeding.

26. Attached hereto as **Exhibit 23** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on WPG Partners in connection with the Appraisal Proceeding.

27. Attached hereto as **Exhibit 24** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on Warburg Growth Partners in connection with the Appraisal Proceeding.

28. Attached hereto as **Exhibit 25** is a true and correct copy of the proposed subpoena that Petitioner seeks to serve on Polarite in connection with the Appraisal Proceeding.

29. Attached hereto as **Exhibit 26** is a true and correct copy of the 58.com's Schedule 13E-3 Transaction Statement, filed with the U.S. Securities and Exchange Commission ("SEC") on August 7, 2020.

30. Attached hereto as **Exhibit 27** is a true and correct copy of the Proxy Statement of the Company, filed as an Exhibit to 58.com's Schedule 13-3 Transaction Statement with the SEC on August 7, 2020.

31. Attached hereto as **Exhibit 28** is a true and correct copy of the 58.com's Schedule 13D filed with the SEC on June 23, 2017.

32. Attached hereto as **Exhibit 29** is a true and correct copy of General Atlantic LLC's Form 4 filed with the SEC on April 21, 2021, identifying GA's place of business.

33. Attached hereto as **Exhibit 30** is a true and correct copy of General Atlantic Singapore Fund Pte. Ltd.'s member registry as listed on the Singapore Accounting and Corporate Regulatory Authority (ACRA) business registry.

34. Attached hereto as **Exhibit 31** is a true and correct copy of General Atlantic Singapore 58 Pte. Ltd's member registry as listed on the Singapore ACRA business registry.

35. Attached hereto as **Exhibit 32** is a true and correct copy of General Atlantic Singapore 58TP Pte. Ltd's member registry as listed on the Singapore ACRA business registry.

36. Attached hereto as **Exhibit 33** is a true and correct copy of Warburg Pincus LLC's Form 4 filed with the SEC on April 15, 2021, identifying WP's place of business.

37. Attached hereto as **Exhibit 34** is a true and correct copy of the letter sent by Devan Kaloo, Global Head of Equities at Aberdeen Standard Investments, to the Hon. Jay Clayton of the SEC on June 10, 2020.

38. Attached hereto as **Exhibit 35** is a true and correct copy of a report issued by Institutional Shareholder Services on the proposed 58.com take-private transaction, issued on August 26, 2020.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 22, 2021 at New York, New York.

/s Duane L. Loft

Duane L. Loft