UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>FOURWORLD EVENT OPPORTUNITIES, LP and GENESIS EMERGING MARKETS INVESTMENT COMPANY,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Case No. 1:21-mc-00543 (PKC) |

**MEMORANDUM OF LAW IN SUPPORT OF
58.COM, INC.'S MOTION TO INTERVENE**

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Timothy G. Nelson
James W. Brown
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-3000

*Attorneys for 58.Com, Inc.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND ..........................................................................................................2

1.    58.com and the 2020 Transaction ................................................................................2

2.    The Cayman Islands Appraisal Proceeding ..................................................................2

3.    This Section 1782 Proceeding ......................................................................................3

ARGUMENT ...................................................................................................................................5

I.    58.COM MAY INTERVENE AS OF RIGHT PURSUANT TO RULE 24(a) ...................5

    A.    Standards Applicable to this Motion ...........................................................5

    B.    58.com's Motion to Intervene is Timely .....................................................5

    C.    As the Counter-Party to the Cayman Islands Appraisal Proceeding, 58.com Has an Interest in This Action ..........................................................6

    D.    58.com's Interests May be Impaired If It Cannot Intervene .......................7

    E.    Absent Intervention, 58.com's Interests Are Not Adequately Protected ...7

II.    IN THE ALTERNATIVE, 58.COM MAY PERMISSIVELY INTERVENE PURSUANT TO RULE 24(b) ..............................................................................................8

CONCLUSION ..............................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*335-7 LLC v. City of New York*, No. 20 Civ. 1053 (ER),
  2020 WL 3100085 (S.D.N.Y. June 11, 2020) ...................................................................8

*99 Wall Development Inc. v. Allied World Specialty Insurance Company*,
  No. 18 Civ. 126 (RA), 2018 WL 11305562 (S.D.N.Y. Apr. 9, 2018) ..............................5, 8

*In re Hornbeam Corp.*, No. 14 Misc. 424 (Part 1),
  2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015) .........................................................5, 6, 8

*In re Lake Holding & Fin. S.A.*, No. 20 MC 652 (RA) (KNF),
  2021 WL 603293 (S.D.N.Y. Feb. 16, 2021) ......................................................................6

*In re Sarrio, S.A.,* 119 F.3d 143 (2d Cir. 1997) ..................................................................6

*Kamdem-Ouaffo v. Pepsico, Inc.*,
  314 F.R.D. 130 (S.D.N.Y. 2016) ......................................................................................6

*Louis Berger Grp., Inc. v. State Bank of India*,
  802 F. Supp. 2d 482 (S.D.N.Y. 2011) ..............................................................................8

*Trbovich v. United Mine Workers of America,* 404 U.S. 528 (1972) ..............................7

*Uniformed Fire Officers Ass'n v. DeBlasio*, No. 20 Civ. 5441 (KPF), 2020 WL 9211174
  (S.D.N.Y. Aug. 25, 2020) .................................................................................................8

### STATUTES

28 U.S.C. § 1782 ................................................................................................. *passim*

### RULES

Fed. R. Civ. P. 24 ............................................................................................................5, 8

58.com, Inc. ("58.com") respectfully submits this Memorandum in support of its motion to intervene in this proceeding.

## PRELIMINARY STATEMENT

In this proceeding, Petitioners FourWorld Event Opportunities, LP and Genesis Emerging Markets Investment Company seek discovery from two sets of respondents – one group of "General Atlantic" entities, and a group of "Warburg Pincus" entities – for use in a proceeding before the Grand Court of the Cayman Islands (the "Cayman Islands Appraisal Proceeding"). That proceeding, which was commenced by 58.com in late 2020 pursuant to Cayman Islands company law, concerns the value to be ascribed to shares in 58.com held by Petitioners at the time that 58.com engaged in a going-private transaction in 2020.

Relying upon 28 U.S.C. § 1782, Petitioners have issued subpoenas on the General Atlantic and Warburg Pincus entities to obtain documentary discovery and depositions on topics that, they claim, are related to their respective involvement in the going-private transaction. Some of the requested material and testimony could contain information that is confidential and proprietary to 58.com. Moreover, as a party to the Cayman Islands Appraisal Proceeding, 58.com has a direct interest in the discovery being sought. Since, as 58.com understands it, the requested discovery remains under discussion between Petitioners and Respondents, and since 58.com takes no position on the scope of discovery topics as presently formulated, intervention will not occasion any delay or prejudice to the parties or these proceedings, who have consented to 58.com intervening.

Numerous courts faced with Section 1782 applications, including in this District, have held that a litigant in the foreign action may intervene as of right or permissively to protect its interests.

1

58.com, as the only counter-party to Petitioners in the Cayman Islands Appraisal Proceeding, will also be able to provide this Court with unique and relevant information regarding that proceeding.

Accordingly, good cause exists for allowing 58.com to intervene, and the Motion ought to be granted.

## FACTUAL BACKGROUND

1.  **58.com and the 2020 Transaction**

Founded in 2005, 58.com is a privately-held company incorporated in the Cayman Islands with its principal place of business in China. It is China's largest online classifieds marketplace, and until September 2020, was a publicly-traded company whose American Depository Shares ("ADSs") began trading on the New York Stock Exchange in 2013.[1]

On June 15, 2020, 58.com announced that it had entered into a merger agreement through which it would be acquired and taken private by a consortium of investors (the "2020 Transaction"; *see* Dkt. # 4 (Kish Decl.) ¶ 15.) On September 7, 2020, 58.com held an extraordinary general meeting[2] during which the merger was approved by over 75% of the total shareholder votes cast (*i.e.*, surpassing the necessary two-thirds super-majority). (Dkt. # 4 (Kish Decl.) ¶ 24.) As a result, 58.com is now a privately held company. (Dkt. # 4 (Kish Decl.) ¶ 26.)

2.  **The Cayman Islands Appraisal Proceeding**

---

[1] These facts are acknowledged by Petitioners' counsel. *See* (Dkt. # 4 (Kish Dec.) ¶¶ 10-11.). Save as regards those aspects of the Dissenters' factual submissions that either quote 58.com's public statements or reference matters of public record, however, no admissions are made as to Petitioners' factual contentions in this proceeding.

[2] 58.Com Press Release, "*58.com Announces Shareholders' Approval of Merger Agreement,*" Sept. 7, 2020, *available at* https://www.prnewswire.com/news-releases/58com-announces-shareholders-approval-of-merger-agreement-301125004.html.

2

As to the shareholders who filed the requisite written objections to the merger, Cayman Islands law (specifically, Section 238 of the Cayman Islands Companies Act) provides for certain procedures that potentially allow such shareholders to obtain a judicial appraisal of the fair value of their shares at the time of the merger. Thus, on November 10, 2020, 58.com filed proceedings in the Grand Court of the Cayman Islands (i.e., the Cayman Islands Appraisal Proceeding) to determine the fair value of such dissenting shareholders' shares. (Dkt. # 4 (Kish Decl.) ¶ 28).)

The Petitioners in this Section 1782 action are:

- FourWorld Event Opportunities LP, a company incorporated in the Cayman Islands (Kish Decl. Ex. A at 359, item 19); and

- Genesis Emerging Markets Investment Company, a company apparently incorporated in Luxembourg (Kish Decl. Ex. A at 359-60, item 24).[3]

Both Petitioners were shareholders of 58.com prior to the 2020 Transaction (Dkt. # 4 (Kish Decl.) ¶¶ 7-8.), and issued written objections as well as notices of dissent from the merger (*Id.* ¶ 27). As such, in the Cayman Islands Appraisal Proceeding, Petitioners (along with other dissenting shareholders) contend that their shares have a value greater than the agreed merger price. (*Id.* ¶¶ 30-31.)

**3.     This Section 1782 Proceeding**

On July 23, 2021, Petitioners commenced the present action on an *ex parte* basis (Dkt. # 1), seeking documentary and testimonial discovery from Respondents. Both respondents –

---

[3]   The records available to 58.com, at the time the Cayman Islands Appraisal Proceeding was filed, indicated that "Genesis Emerging Markets Investment Company SICAV" was a shareholder incorporated in Luxembourg. The suffix "SICAV," however, is missing from the caption in this action.

*(cont'd)*

3

respectively the "General Atlantic Targets"[4] and "Warburg Pincus Targets"[5] – are affiliated with shareholders of 58.com. On August 9, 2021, the Court granted the *ex parte* application. (Dkt. # 8.) Subpoenas were apparently served on the Respondents (or some of them) shortly thereafter. (Dkt. # 9-22.) 58.com has not been party to the subsequent discussions between Petitioners and Respondents concerning subpoenas.

In early December 2021, 58.com intervened in a parallel Section 1782 proceeding in another district against Houlihan Lokey, Inc. (the financial advisor to the Special Committee during the take-private transaction), for purposes similar to the present intervention.[6] Shortly thereafter, on December 16, 2021, Petitioners' counsel contacted counsel for 58.com and asked whether, "[g]iven 58.com's intervention in the Houlihan 1782 proceeding, including for the purpose of negotiating a protective order," it "intends to intervene" in the present action for the same purpose. (*See* accompanying Declaration of Aden Tedla ("Tedla Decl."), Ex. 1 (Dec. 16, 2021 email from Brianna Hills, Esq. to Adam Lloyd, *et. al.*)  On December 22, 2021, 58.com's

---

[4]  The "General Atlantic Targets" are General Atlantic LLC, General Atlantic Service Company, L.P., GASF Interholdco Ltd., General Atlantic Partners (Bermuda) III, LP, General Atlantic Partners (Bermuda) IV LP, Inc., GAP Coinvestments CDA LP, GAP Coinvestments III LLC, GAP Coinvestments IV LLC, GAP Coinvestments V LLC, GAP (Bermuda) Ltd., General Atlantic GenPar (Bermuda) LP, General Atlantic Singapore Fund Pte. Ltd., General Atlantic Singapore 58 Pte. Ltd., and General Atlantic Singapore 58TP Pte. Ltd.

[5]  The "Warburg Pincus Targets" are Warburg Pincus LLC, Warburg Pincus China-Southeast Asia II (Cayman) LP, Warburg Pincus China-Southeast Asia II-E (Cayman) LP, WP China-Southeast Asia II Partners (Cayman) LP, Warburg Pincus China-Southeast Asia II Partners LP, Warburg Pincus (Callisto) Global Growth (Cayman) LP, Warburg Pincus (Europa) Global Growth (Cayman) LP, Warburg Pincus Global Growth-B (Cayman) LP, Warburg Pincus Global Growth-E (Cayman) LP, WP Global Growth Partners (Cayman) LP, Warburg Pincus Global Growth Partners (Cayman) LP, and Polarite Gem Holdings Group, Ltd.

[6]  *See In re Application of Fourworld Event Opportunities*, *et al. v. Houlihan Lokey, Inc.*, 2:21-mc-01019-CAS-JPR, C.D. Cal., Dkt. # 45 (58.com's Motion to Intervene); *see also Id.*, Dkt # 47, Order Granting 58.com's Motion to Intervene.

counsel responded that it indeed expected it would do so, in the event documents were to be produced in this action, and otherwise reserved all rights as to "ensuring the smooth and efficient conduct of the Cayman Islands action, per the Directions Order in that action." (Tedla Decl. Ex. 2.)

Petitioners (as well as Respondents) have since confirmed their consent to 58.Com intervening in this action, as reflected in the accompanying Stipulation.

## ARGUMENT

### I.  58.COM MAY INTERVENE AS OF RIGHT PURSUANT TO RULE 24(A)

#### A.  Standards Applicable to this Motion

Federal Rule of Civil Procedure 24(a) authorizes intervention as of right where the proposed intervenor: (1) timely files an application; (2) shows an interest in the action; (3) demonstrates a risk that its interest may be impaired by the disposition of the action; and (4) shows that its interest is not protected adequately by the existing parties to the suit. *See In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *2 (S.D.N.Y. Sept. 17, 2015) (allowing intervention to challenge Section 1782 discovery) (citing *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir. 1999)); *accord 99 Wall Dev. Inc. v. Allied World Specialty Ins.*, No. 18 Civ. 126 (RA), 2018 WL 11305562, at *1 (S.D.N.Y. Apr. 9, 2018) (citing *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128-29 (2d Cir. 2001)). 58.com satisfies each of those elements, and therefore is entitled to intervene as of right.

#### B.  58.com's Motion to Intervene is Timely

In determining whether a motion to intervene is timely, New York courts consider four factors: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the

motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness. *See Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)). However, individual factors are not dispositive. Rather, timeliness must be "evaluated against the totality of the circumstances before the court." *Id.* (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001)).

It is 58.com's understanding that neither documentary nor testimonial discovery has yet occurred in this proceeding. Furthermore, Petitioners and Respondents have stipulated that 58.com may intervene. Accordingly, 58.com's intervention at this stage is timely and appropriate.

**C.    As the Counter-Party to the Cayman Islands Appraisal Proceeding, 58.com Has an Interest in This Action**

58.com has a "direct interest" in the subject matter of this case, as the subpoenas seek, among other things, confidential communications with 58.com's Special Committee, and proprietary and confidential information about 58.com's valuation, to be used against 58.com in the Cayman Islands Appraisal Proceeding. *See In re Lake Holding & Fin. S.A.*, No. 20 MC 652 (RA) (KNF), 2021 WL 603293, at *3 (S.D.N.Y. Feb. 16, 2021) (finding that proposed intervenors identified by name in the petition had a direct interest, as the subpoenas sought confidential and proprietary information concerning them).

Courts have recognized that the party against whom Section 1782 discovery is sought may have standing to intervene in the Section 1782 proceeding to protect its interests. *E.g., In re Sarrio, S.A.,* 119 F.3d 143, 148 (2d Cir. 1997); *Hornbeam*., 2015 WL 13647606, at *2.

Here, 58.com has a "significantly protectable" interest relating to the property or transaction that is the subject of this case, as the discovery requests in this action seek information and testimony bearing upon 58.com's consideration of the going-private transaction of 2020,

6

which in turn, potentially calls for production of proprietary and confidential information about 58.com's operations.

D.     **58.com's Interests May be Impaired If It Cannot Intervene**

Petitioners seek documents and testimony from Respondents for use against 58.com in the Cayman Islands Appraisal Proceeding, where Petitioners allege that their shares were undervalued. Petitioners claim that they are seeking to use the information they may gather from the Respondents in order to assist the dissenting shareholders' expert in determining the fair value of the shares.

58.com's interests are affected by this proceeding such that the inability to intervene will potentially prejudice its interests. For example,[7] Dissenters seek a wide variety of files and testimony from Respondents,[8] purportedly in order to aid in determining the fair value of their shares.  This will potentially require Respondents to produce very sensitive information sourced from 58.com.  Unless 58.com can be made a direct party to a protective order issued by this court, 58.com's interests will be impaired.

E.     **Absent Intervention, 58.com's Interests Are Not Adequately Protected**

A proposed intervenor's interests are not adequately protected "if the applicant shows that representation of his interest '**may be**' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n.10 (1972) (emphasis added).

---

[7]   Depending on the future course of this proceeding, 58.com's interests may be impacted in different respects and 58.com therefore reserves the right to supplement the above description, as necessary, as the case evolves.

[8]   58.com reserves all rights as to the admissibility of any deposition transcript, or deposition exhibits, in the Appraisal Proceeding

Here, Respondents (who are not party to the Cayman Islands Appraisal Proceeding) are not necessarily capable of representing 58.com's interests in their totality, since only 58.com itself can fully appreciate and protect such interests.

For the foregoing reasons, 58.com has satisfied all elements of Rule 24(a)(2), and therefore should be allowed to intervene as of right.

## II. IN THE ALTERNATIVE, 58.COM MAY PERMISSIVELY INTERVENE PURSUANT TO RULE 24(B)

Federal Rule of Civil Procedure 24(b)(1)(B) permits intervention by a party who timely moves and "'has a claim or defense that shares with the main action a common question of law or fact.'" *See Uniformed Fire Officers Ass'n v. DeBlasio*, No. 20 Civ. 5441 (KPF), 2020 WL 9211174, at *1 (S.D.N.Y. Aug. 25, 2020); *accord Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, at 9 (S.D.N.Y. 2011) (same); *335-7 LLC v. City of New York*, No. 20 Civ. 1053 (ER), 2020 WL 3100085, at *2 (S.D.N.Y. June 11, 2020) (same); *99 Wall Dev.*, 2018 WL 11305562, at 1.

This Court enjoys broad discretion to determine whether an applicant is entitled to permissive intervention under this rule. *See, e.g., Hornbeam.*, 2015 WL 13647606, at *2 (discussing its broad discretion to determine whether an applicant is entitled to permissive intervention); *see also 335-7 LLC*, 2020 WL 3100085, at *3 ("A district court's discretion under Rule 24(b) is 'broad.'" (internal citations omitted)); *Louis Berger*, 802 F. Supp. 2d 482 at 9 (same).

While the test for permissive intervention begins with a similar analysis as intervention as of right, the Court may also consider "whether the proposed intervention will unduly delay or prejudice the adjudication of the parties' rights." *Hornbeam*, 2015 WL 13647606, at *2 (citations omitted).

8

Here, 58.com's motion is timely and will not occasion any delay or prejudice, as discovery under the subpoenas has not yet occurred. The absence of prejudice is further confirmed by the fact that both Petitioners and Respondents have consented to 58.com's intervention in this proceeding.

Furthermore, given that the subpoenas served on Respondents concern 58.com and its confidential and proprietary information, and seek discovery to be used in an appraisal proceeding to which 58.com is the counter-party, allowing 58.com to intervene will contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

Accordingly, should the Court not find that 58.com can intervene as a matter of right, intervention still should be granted in the Court's broad discretion in the interests of complete justice.

## CONCLUSION

For the foregoing reasons, the Motion should be granted in all respects.

Dated: March 21, 2022
New York, New York

                                        Respectfully submitted,

                                         /s/ Timothy G. Nelson
                                        Timothy G. Nelson
                                        James W. Brown

                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                        One Manhattan West
                                        New York, New York 10001-8602
                                        Telephone: (212) 735-3000
                                        Facsimile: (212) 735-3000
                                        E-Mail:
                                                  timothy.g.nelson@skadden.com
                                                  james.brown@skadden.com

                                        *Attorneys for 58.com, Inc.*