UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF FOURWORLD EVENT OPPORTUNITIES, LP AND GENESIS EMERGING MARKETS INVESTMENT COMPANY FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING | No. 1:21-mc-00543-PKC |

# [PROPOSED] STIPULATED PROTECTIVE ORDER

## 1.  INTRODUCTION

### 1.1  PURPOSES AND LIMITATIONS

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Rule 5.2 of the Federal Rules of Civil Procedure and this Court's Individual Practices set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

### 1.2  GOOD CAUSE STATEMENT

Petitioners Four World Event Opportunities, LP and Genesis Emerging Markets Investment Company (collectively, "Petitioners") and respondents General Atlantic Services

Company, L.P. and Warburg Pincus LLC ("Respondents," and collectively with Petitioners, the "Parties" and each a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information, which is normally kept confidential, that they may need to disclose in connection with discovery in this action and with the understanding that discovery provided in this action may be used in proceedings pending before the Financial Services Division of the Grand Court of the Cayman Islands (the "Cayman Court") commenced by petition filed by 58.com ("58.com" or the "Company") with the heading *In the Matter of 58.com Inc.* and cause number FSD 275 OF 2020 (MRHJ) and any appeals therefrom (the "Appraisal Proceeding" and together with this action, the "Actions"), provided the Cayman Islands courts so allow. Respondents believe that the materials to be produced by Respondents in this action are likely to contain trade secret or other confidential research, technical, cost, price, marketing or other confidential commercial information, both (1) as to Respondents and their pricing, processes, and strategy for evaluating the value of companies and potential investments and related matters; and (2) as to 58.com since that Company's trade secrets and confidential commercial information was provided to Respondents pursuant to a confidentiality agreement between and among Respondents and 58.com, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the Actions.

### 1.3   PROCEDURES

Any documents produced by Respondents to Petitioners will be uploaded by Petitioners to a data room hosted by the Company that is accessible by certain of the dissenting shareholders in the Appraisal Proceeding (the "Participating Dissenters") and the Company, their counsel, and their valuation experts and teams assisting them. Access to Discovery Materials designated as Confidential or Highly Confidential will be restricted as set forth in this Order.

Petitioners agree and hereby affirm that the parties to the Appraisal Proceeding (as well as their counsel and valuation experts appointed by the parties to the Appraisal Proceeding and the persons supporting them) are bound by (i) the Confidentiality and Non-Disclosure Agreement

2

entered into in the Appraisal Proceeding (the "NDA"), found at Appendix 2 of the Directions Order (see ECF No. 43 at Page ID # 1685), pursuant to which the parties to the Appraisal Proceeding agree, among other things, to use documents or information disclosed in the Appraisal Proceeding solely for the purposes of the Appraisal Proceeding, and/or (ii) the implied undertaking, pursuant to which the parties to the Appraisal Proceeding are under an obligation not to use documents that have been disclosed by compulsion or information derived from such documents, for any collateral purpose (including pursuant to Order 24, rule 22 of Cayman's Grand Court Rules which provides that "[a]ny undertaking, whether expressed or implied, not to use a document or transcript for any purposes other than the proceedings in which it is disclosed or made shall cease to apply to such document or transcript after it has been read to or by the Court, or referred to in open Court, unless the Court for special reasons has otherwise ordered on the application of a party or of the person to whom the document belongs or by whom the oral evidence was given"), both of which govern disclosure in the Appraisal Proceeding, <u>provided however</u> that, for the avoidance of doubt, such implied undertaking shall not limit the use of any Discovery Materials in litigation before this Court concerning the Subpoena or Petitioners' right to discovery under Section 1782, subject to the restrictions on information designated as Confidential or Highly Confidential as set forth below;

The Parties, through counsel, agree to the following terms:

**2.   DEFINITIONS**

2.1   <u>Actions</u>: this action together with the Appraisal Proceeding and any appeals therefrom.

2.2   <u>Challenging Party</u>:   a Party or Nonparty that challenges the designation of information or items under this Order.

2.3   <u>Confidential Discovery Material</u>:   Discovery Material designated as Confidential pursuant to this Order.

2.4   <u>Counsel</u>:   Outside Counsel of Record and House Counsel (as well as their support staff).

3

2.5 Designating Party: the Respondent that may designate Discovery Material as "Confidential" or "Highly Confidential."

2.6 Discovery Material: all items or information of any kind, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), produced or disclosed in the course of discovery provided by Respondents in this matter.

2.7 Expert: a person who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in one of the Actions, as well as personnel employed or retained by such person to assist with the matters for which such person has been retained in one of the Actions.

2.8 Highly Confidential Discovery Material: Discovery Material designated as Highly Confidential pursuant to this Order.

2.9 House Counsel: attorneys who are employees of a party to the Actions, or attorneys who are employees of any investment manager or investment advisor entity affiliated with a party to the Actions. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Nonparty: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to the Actions, but are retained to represent or advise a party and have appeared in any of the Actions on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12 Party: the Petitioners or Respondents to this action, including all of their officers, directors, employees, consultants, retained experts, affiliated investment advisors, affiliated investment managers, and Outside Counsel of Record (and their support staffs). For the avoidance of doubt, Party shall include 58.com Inc.

2.13 Producing Party: Respondent(s).

4

2.14   Professional Vendors: persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Discovery Material that is designated as "Confidential" or "Highly Confidential."

2.16   Receiving Party: a party in the Actions that receives Discovery Material produced or disclosed by a Respondent in this action. For the avoidance of doubt, the Receiving Parties include the Petitioners in this action, and the Company, and Non-petitioning Participating Dissenters who have executed the "Acknowledgment and Agreement to Be Bound" at Exhibit A.

3.   **SCOPE**

No person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else, except as this Order expressly permits or this Court or a Cayman Islands court so orders. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. For the avoidance of doubt, nothing herein shall prevent or limit Counsel from providing advice to their clients, provided that such advice does not disclose the substance of Confidential or Highly Confidential Discovery Material in a manner that would violate this Order.

4.   **DURATION**

Even after final disposition in the Actions, the confidentiality obligations imposed by this Order will remain in effect and will continue to be binding on all persons to whom Confidential or Highly Confidential Discovery Material is produced or disclosed until the Designating Party Respondent agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in the Actions, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of the Actions, including the time limits for filing any motions or applications for extension of time under applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1   Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the applicable standards. Such designation constitutes a representation by outside counsel for the Designating Party that, based on a good-faith and reasonable inquiry, the designated material qualifies for protection under the applicable standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Respondents may designate as Confidential only the portion of such Discovery Material that it reasonably and in good faith believes consist of:

(a) information of Respondents related to: trade secrets; business, commercial, or financial information; financial statements; financial or business plans and strategies; projections or analyses for future or prior periods; tax data; business, investment, and marketing plans and strategies; assets and liabilities; proposed strategic transactions or acquisitions, strategic alternatives, or business combinations; personnel information; information related to Respondents' investors, customers, or clients; or other personally or commercially sensitive or proprietary information of Respondents or the Company and their subsidiaries and affiliates;

(b) previously non-disclosed financial information of Respondents or the Company;

(c) previously non-disclosed material relating to ownership or control of any non-public company affiliated with Respondents or the Company;

(d) previously non-disclosed business plans, product-development information, or

6

marketing plans of Respondents or the Company;

(e) any information of a personal or intimate nature regarding any individual of Respondents or the Company; or

(f) any other category of information this Court subsequently affords confidential status.

5.3 Respondents may designate as Highly Confidential only the portion of such Discovery Material that it reasonably and in good faith believes consist of:

(a) Highly sensitive Confidential Discovery Material, disclosure of which to another party or non-party in the Actions would create a substantial risk of serious harm that could not be avoided by less restrictive means;

(b) all reproductions of Highly Confidential Discovery Material; and

(c) all work product prepared on the basis of Highly Confidential Discovery Material or using or referring to the same.

5.4 Except as otherwise provided in this Order, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a) for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "Confidential" or "Highly Confidential" to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins or in redaction boxes, <u>provided however</u> that, for the avoidance of doubt, any Discovery Material that shall be redacted or withheld based on confidentiality shall be Respondents' materials that are irrelevant to the Action and shall not include any materials related to, or generated by, the Company.

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it

7

would like copied and produced. During the inspection and before the designation, all material made available for inspection must be treated as Highly Confidential Discovery Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection as Confidential or Highly Confidential under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential" or "Highly Confidential" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b) for testimony, if any, given in depositions, the Designating Party must identify the Discovery Material that is protected on the record, before the close of the deposition, or in writing within 14 calendar days of receipt of the transcript of the deposition. Pending the expiration of such 14-day period, all testimony given in any deposition shall be deemed Protected Material as if fully designated "Confidential" or "Highly Confidential" during the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "Confidential" or "Highly Confidential." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.5   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   Petitioners may challenge a designation of confidentiality at any time before the trial of the Cayman Action by serving upon counsel for Respondents a written notice stating with

particularity the grounds for the objection.

6.2     The Parties shall promptly meet and confer to attempt to resolve the dispute, and if the Parties cannot reach agreement promptly, the Petitioners, as the Challenging Party, must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37 and the Individual Practices of the Court.

6.3     The burden of persuasion in any such proceeding is on the Designating Party. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling or waiver regarding the admissibility of any document, testimony or other evidence.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     A Receiving Party may use Protected Material that is disclosed or produced by Respondents in connection with this action only for prosecuting, defending, or attempting to settle the Actions (subject to paragraphs 8 and 11.2 hereof) and any appeals thereto, and not for business, commercial, or competitive purpose or in any other litigation proceeding or any other purpose; provided, however that nothing in this paragraph 7.1 shall be deemed to abridge or vary the applicable provisions of Cayman Islands law, and the orders and agreements in place in the Appraisal Proceeding, concerning the admissibility of evidence and/or the protection of confidentiality in material produced or exchanged in the Appraisal Proceeding (including those referred to in paragraph 1.3 above as well as the Directions Order in the Appraisal Proceeding). Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When all Actions have been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Nothing contained in this

9

Order, however, will affect or restrict the rights of any Party or the Company with respect to its own documents or information produced by Respondents.

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order. Each Person who has access to Protected Material must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

The restrictions in this Order on Protected Material shall not apply to information independently in the possession of the Receiving Party through (a) some non-confidential source outside of the Actions or (b) disclosure in the Appraisal Proceeding, in which case any restriction on Protected Material shall be governed solely by the NDA or other applicable agreement or procedure in the Appraisal Proceeding.

7.2  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to the following people:

(a) the parties to the Appraisal Proceeding, provided that any dissenting shareholders in the Appraisal Proceeding that are not Petitioners herein (the "Non-petitioning Participating Dissenters") have executed the "Acknowledgment and Agreement to Be Bound" at Exhibit A and such executed forms have been delivered to Respondents' Outside Counsel of Record;

(b) 58.com as a Requested Intervenor in this action;

(c) a Receiving Party's Outside Counsel of Record in the Actions, as well as employees of its Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Actions;

(d) the officers, directors, and employees (including House Counsel) of a Receiving Party, or of any investment manager or investment advisor entity affiliated with such a Party, to whom disclosure is reasonably necessary for the Actions;

(e) Experts (as defined in this Order) of the Company or the Petitioners or Non-petitioning Participating Dissenters to whom disclosure is reasonably necessary for the Actions and who have

signed the "Acknowledgment and Agreement to Be Bound" at Exhibit A, as well as persons employed or retained by the experts to whom it is reasonably necessary to disclose the information for the Actions provided such persons have executed the "Acknowledgment and Agreement to Be Bound" at Exhibit A and such executed forms have been delivered to Respondents' Outside Counsel of Record;

(f) this Court, the Cayman Court (subject to paragraphs 8 and 11.2 infra), including any appellate court reviewing the Actions, and any court support personnel;

(g) court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(h) the author, its addressee, and any other person indicated on the face of the document as having received a copy;

(i) during depositions (if any), witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that such witness has first executed Exhibit A hereto and the witnesses will not be permitted to keep any confidential information, unless such witness is an employee of the Designating Party or unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(j) any mediator, arbitrator, or settlement officer, and their supporting personnel, that the Parties engage in the Actions or are appointed by the Court, provided such person has first executed Exhibit A hereto;

7.3     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential" only to the following people:

(a) the Receiving Party's and Non-petitioning Participating Dissenters' Outside Counsel of Record in the Actions, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Actions and House Counsel of the

11

Receiving Party and Non-petitioning Participating Dissenters involved in the management of the Actions;

(b) Outside Counsel of Record for 58.com as a Requested Intervenor in this action;

(c) Experts (as defined in this Order) of the Company or the Petitioners or Non-petitioning Participating Dissenters to whom disclosure is reasonably necessary for the Actions and who have signed the "Acknowledgment and Agreement to Be Bound" at Exhibit A, as well as persons employed or retained by the experts to whom it is reasonably necessary to disclose the information for the Actions provided such persons have executed the "Acknowledgment and Agreement to Be Bound" at Exhibit A and such executed forms have been delivered to Respondents' Outside Counsel of Record;

(d) this Court, the Cayman Court (subject to paragraphs 8 and 11.2 infra), including any appellate court reviewing the Actions, and any court support personnel;

(e) any mediator, arbitrator, or settlement officer, and their supporting personnel, that the Parties engage in the Actions or appointed by the Court, provided such person has first executed Exhibit A hereto.

(f) court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g) the author, its addressee, and any other person indicated on the face of the document as having received a copy; and

(h) by order of the Court.

7.4 Before disclosing any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 7.2 (e) or (h), or 7.3 (c) or (g) above, counsel must provide a copy of this Order to such person, who must sign the "Acknowledgment and Agreement to Be Bound" in the form of Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Acknowledgment and Agreement to Be Bound, hold it in escrow, and produce it to the Respondents' Outside Counsel of Record before such person is permitted to testify (at deposition or trial) in the Actions.

12

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential or Highly Confidential that Receiving Party must:

(a) promptly notify in writing the Respondent that was the Designating Party of the Protected Information and the Company and their respective Outside Counsel of Record. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order should not produce any information designated in this action as Confidential or Highly Confidential before a determination on the protective-order request by the relevant court unless the Receiving Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Confidential and Highly Confidential Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person

or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## 11. USE IN THE APPRAISAL PROCEEDING

11.1  This Court also retains jurisdiction and discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11.2  Nothing in this Order will prevent any Party or recipient of Confidential or Highly Confidential Discovery Material from relying on Confidential or Highly Confidential Discovery Material at trial or a hearing in the Appraisal Proceeding in compliance with all agreed and ordered procedures applicable in the Appraisal Proceeding, provided however, that prior to utilizing any of a Respondent's Confidential or Highly Confidential Discovery Material at trial or in any other manner where such material could be publicly disclosed, such Party will provide all other Parties at least 14-days notice so that such other party will have the opportunity to apply to the Judge in the Appraisal Proceeding for an order to restrict public disclosure of such materials. Nothing herein precludes this Court from considering the rulings by Cayman Court regarding the disclosure of Confidential or Highly Confidential Discovery Material in connection with any dispute regarding disclosure of Confidential Discovery Material to Petitioners.

11.3   Regardless of anything herein, this Order is without prejudice to, and does not diminish, any confidentiality obligations and protections that may attach to the Discovery Material, once it is produced in and/or becomes part of the Cayman Islands proceeding in any manner.

**12.   MISCELLANEOUS**

12.1   Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2   By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order. Similarly, no Party waives any right concerning, or agrees to any use in the Cayman Action of, any discovery material produced in this action.

12.3   A Party that seeks to file under seal any Protected Material must comply with the Court's Individual Practices. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's Protected Information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose Protected Information is sought to be used may make an application to seal in accordance with this paragraph, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

12.4    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## 13.    FINAL DISPOSITION

After the final disposition of the Actions, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

## 14.    SANCTIONS

Any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns, representatives, agents, experts and consultants) and all other interested persons with actual or constructive notice of this Order, including the Non-petitioning Participating Dissenters (each of whom will execute a statement agreeing to be bound by this Order in the form found at Exhibit A)—will adhere to the above terms, upon pain of contempt. Any willful violation of this Order may be punished by civil

or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 1, 2022
New York, New York

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By: /s/ Duane L. Loft
Duane L. Loft
Brianna S. Hills
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2380
E-mail: dloft@bsfllpcom
E-mail: bhills@bsfllp.com

LABATON SUCHAROW LLP
Ira A. Schochet
140 Broadway
New York, NY 10005
Telephone: (212) 907-0864
ischochet@labaton.com

GRANT & EISENHOFER P.A.
Christine Mackintosh (*pro hac vice* application submitted)
123 S. Justison Street
Wilmington, DE 19801
Telephone: (302) 622-7081
cmackintosh@gelaw.com

*Counsel for Petitioners*

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

By: /s/ Jessica S. Carey
Jessica S. Carey
David P. Friedman
Leah J. Park
Xinshu Sui
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
E-mail: jcarey@paulweiss.com
E-mail: dfriedman@paulweiss.com
E-mail: lpark@paulweiss.com
E-mail: xsui@paulweiss.com

*Counsel for Respondent General Atlantic Services Company L.P.*

KIRKLAND & ELLIS LLP

By: /s/ John P. Del Monaco
Matthew Solum
John P. Del Monaco
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
E-mail: matthew.solum@kirkland.com
E-mail: john.delmonaco@kirkland.com

*Counsel for Respondent Warburg Pincus LLC*

17

Case 1:21-mc-00543-PKC Document 44 Filed 04/06/22 Page 18 of 19
Case 1:21-mc-00543-PKC Document 43 Filed 04/01/22 Page 18 of 19

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Timothy G. Nelson*
Timothy G. Nelson
James W. Brown
Aden D. Tedla
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
E-mail: Timothy.G.Nelson@skadden.com
E-mail: James.Brown@skadden.com
E-mail: Aden.Tedla@skadden.com

*Counsel for Requested Intervenor 58.com*

**IT IS SO ORDERED.**

Dated: April 5, 2022

Hon. P. Kevin Castel
United States District Judge

## EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Southern District of New York on [date] in the case of *In re Application of Four World Event Opportunities, LP and Genesis Emerging Markets Investment Company*, No. 1:21-mc-00543-PKC. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____